| | |
|---|---|
| Mr. Henry Myers, Mr. Jerome Myers, and Ms. Gloria Myers,<br>　　Plaintiffs,<br><br>v.<br><br>Mr. Walter Kaufmann, Mr. Joseph A. Broom, Ms. Bettye Dorn, Center Director, and Active Day, Inc.,<br>　　Defendants. | Case No. 2:10-cv-2081-RMG<br><br>**ORDER** |

This matter is before the court in Plaintiffs's *pro se* civil action. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation. On September 16, 2010, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 12). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiffs filed Objections to the Report October 8, 2010. (Dkt. No. 16).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter *de novo*, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiffs' Objections, the court agrees with the conclusions of the Magistrate Judge. Here, the Court does not have jurisdiction to entertain this matter. Both Plaintiffs and Defendants are residents of South Carolina. As a result, complete diversity does not exist. Further, from a thorough review of the record, it is clear that the allegations of the Complaint do not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, federal question jurisdiction does not exist either. The matters raised in the Complaint fall within the exclusive jurisdiction of the state probate court because the Complaint asks this Court to invalidate or terminate the orders of the Charleston County Probate Court. (Compl. at pp. 5-6). As a result, Rooker-Feldman requires that Plaintiffs' claims be summarily dismissed. *See District Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82) (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257).

Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. (Dkt. No. 12). Therefore, this matter must be dismissed without prejudice and without issuance and service of process. This Complaint is dismissed without prejudice as this court is without jurisdiction to consider it.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

October 25, 2010
Charleston, South Caorlina